IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

| | |
|---|---|
| **Lance Aizen,**<br><br>      Plaintiff,<br><br>vs.<br><br>**Grover Lee**, individually, and in his capacity as shareholder of AHAS Holdings, Inc., as an officer and shareholder of American Healthcare Administrative Services, Inc., and as Trustee of the Grover Lee Revocable Living Trust; **Christine V. Schaffer**, individually, and in her capacity as an officer and shareholder of AHAS Holdings, Inc., as an officer, employee and shareholder of American Healthcare Administrative Services, Inc., and as Trustee of the Christine Schaffer Revocable Living Trust; **Charles E. Lee**, individually, and in his capacity as an employee and shareholder of AHAS Holdings, Inc., as employee and shareholder of American Healthcare Administrative Services, Inc., as Trustee of the Charles E. Lee 2012 Trust No. 1, and as Trustee of the Charles E. Lee 2012 Trust No. 2; **Jacqueline C. Lee**, individually, and in her capacity as an employee and shareholder of AHAS Holdings, Inc., as an employee and shareholder of American Healthcare Administrative Services, Inc., as Trustee of the Jacqueline C. Lee 2012 Trust No. 1, as Trustee of the Jacqueline C. Lee Living Trust, and as Trustee of the Jacqueline C. Lee 2012 Trust No. 2; **AHAS Holdings, Inc.; American Healthcare Administrative Services, Inc.; Grover Lee Revocable Living Trust; Christine Schaffer Revocable Living Trust; Charles E. Lee 2012 Trust No. 1; Charles E. Lee 2012 Trust No. 2; Jacqueline C. Lee 2012 Trust No. 1; Jacqueline C. Lee Living Trust; Jacqueline C. Lee 2012 Trust No. 2**<br><br>      Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br>(with Jury Demand) |

Plaintiff, Lance Aizen ("Plaintiff"), by way of Complaint against Defendants, Grover Lee, individually, and in his capacity as shareholder of AHAS Holdings, Inc., as an officer and shareholder of American Healthcare Administrative Services, Inc., and as Trustee of the Grover Lee Revocable Living Trust; Christine V. Schaffer, individually, and in her capacity as an officer and shareholder of AHAS Holdings, Inc., as an officer, employee and shareholder of American Healthcare

Administrative Services, Inc., and as Trustee of the Christine Schaffer Revocable Living Trust; Charles E. Lee, individually, and in his capacity as an employee and shareholder of AHAS Holdings, Inc., as employee and shareholder of American Healthcare Administrative Services, Inc., as Trustee of the Charles E. Lee 2012 Trust No. 1, and as Trustee of the Charles E. Lee 2012 Trust No. 2; Jacqueline C. Lee, individually, and in her capacity as an employee and shareholder of AHAS Holdings, Inc., as an employee and shareholder of American Healthcare Administrative Services, Inc., as Trustee of the Jacqueline C. Lee 2012 Trust No. 1, as Trustee of the Jacqueline C. Lee Living Trust, and as Trustee of the Jacqueline C. Lee 2012 Trust No. 2; Grover Lee Revocable Living Trust; Christine Schaffer Revocable Living Trust; Charles E. Lee 2012 Trust No. 1; Charles E. Lee 2012 Trust No. 2; Jacqueline C. Lee 2012 Trust No. 1; and Jacqueline C. Lee Living Trust; Jacqueline C. Lee 2012 Trust No. 2 (hereinafter collectively the "Defendant Shareholders"); Defendant, AHAS Holdings, Inc. ("AHAS Parent"); and Defendant, American Healthcare Administrative Services, Inc. ("AHAS Subsidiary") (with the Defendant Shareholders, AHAS Parent and AHAS Subsidiary hereinafter collectively referred to "Defendants")(with Plaintiff and Defendants hereinafter collectively referred to as the "Parties") says:

## THE PARTIES

1. Plaintiff, Lance Aizen, 15 Lagoon Drive South, Beach Haven, New Jersey 08008, is a citizen of the State of New Jersey, the President/Chief Executive Officer and a shareholder of Defendant, AHAS Holdings, Inc., and an officer and shareholder of Defendant, American Healthcare Administrative Services, Inc.

2. Defendant, Grover Lee, 200 Gateway Drive #190, Lincoln, CA 95648, is a citizen of the State of California, a shareholder of Defendant, AHAS Holdings, Inc., an officer and shareholder of Defendant, American Healthcare Administrative Services, Inc., and a Trustee of Defendant, the Grover Lee Revocable Living Trust.

3. Defendant, AHAS Holdings, Inc., is a Delaware corporation, and owns one-hundred-percent (100%) of Defendant, American Healthcare Administrative Services, Inc.

4. Defendant, American Healthcare Administrative Services, Inc., 3850 Atherton Road, Rocklin, CA 95765, is a California corporation.

5. Defendant, the Grover Lee Revocable Living Trust, 200 Gateway Drive #190, Lincoln, CA 95648, is, upon information and belief, a trust established under the laws of the State of California.

6. Defendant, Christine V. Schaffer, also known as Christine V. Lee, 8434 Twin Lake Drive, Boca Raton, FL 33496, is a citizen of the State of Florida, an officer and shareholder of Defendant, AHAS Holdings, Inc., an officer, employee and shareholder of Defendant, American Healthcare Administrative Services, Inc., and a Trustee of Defendant, the Christine Schaffer Revocable Living Trust.

7. Defendant, the Christine Schaffer Revocable Living Trust, 8434 Twin Lake Drive, Boca Raton, FL 33496, is, upon information and belief, a trust established under the laws of the State of California.

8. Defendant, Charles E. Lee, 8434 Twin Lake Drive, Boca Raton, FL 33496, is a citizen of the State of Florida, an employee and shareholder of Defendant, AHAS Holdings, Inc., an employee and shareholder of Defendant, American Healthcare Administrative Services, Inc., a Trustee of Defendant, the Charles E. Lee 2012 Trust No. 1, and a Trustee of Defendant, the Charles E. Lee 2012 Trust No. 2.

9. Defendant, the Charles E. Lee 2012 Trust No. 1, 8434 Twin Lake Drive, Boca Raton, FL 33496, is, upon information and belief, a trust established under the laws of the State of California.

10. Defendant, the Charles E. Lee 2012 Trust No. 2, 8434 Twin Lake Drive, Boca Raton, FL 33496, is, upon information and belief, a trust established under the laws of the State of California.

11. Defendant, the Charles E. Lee Living Trust, 8434 Twin Lake Drive, Boca Raton, FL 33496, is, upon information and belief, a trust established under the laws of the State of California.

12. Jacqueline C. Lee, 9701 Wilshere Boulevard, Beverly Hills, CA 90212, is a citizen of the State of California, an employee and shareholder of Defendant, AHAS Holdings, Inc., an employee and shareholder of Defendant, American Healthcare Administrative Services, Inc., a Trustee of Defendant, the Jacqueline C. Lee 2012 Trust No. 1, a Trustee of Defendant, the Jacqueline C. Lee Living Trust, and a Trustee of Defendant, the Jacqueline C. Lee 2012 Trust No. 2.

13. Defendant, the Jacqueline C. Lee 2012 Trust No. 1, 9701 Wilshere Boulevard, Beverly Hills, CA 90212, is, upon information and belief, a trust established under the laws of the State of California.

14. Defendant, the Jacqueline C. Lee 2012 Trust No. 2, 9701 Wilshere Boulevard, Beverly Hills, CA 90212, is, upon information and belief, a trust established under the laws of the State of California.

15. Defendant, the Jacqueline C. Lee Living Trust, 9701 Wilshere Boulevard, Beverly Hills, CA 90212, is, upon information and belief, a trust established under the laws of the State of California.

## JURISDICTION AND VENUE

16. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because Plaintiff is a citizen of New Jersey, and, as set forth above in paragraphs 2-15, all of the Defendants are citizens of states other than New Jersey, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

17. Venue in this district is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or admissions giving rise to this action occurred in the District of New Jersey, where Plaintiff resides.

## COUNT I
## (BREACH OF CONTRACT)

18. Plaintiff repeats and restates all of the allegations set forth in paragraphs 1 through 17 above, as if repeated verbatim herein.

19. On June 27, 2018, Plaintiff and entered into a legally binding and fully executed Agreement To Terminate Employment Agreement with Defendant, AHAS Subsidiary ("Termination Agreement"), which was approved by all shareholders of AHAS Parent, in connection with a third-party purchase of certain assets of AHAS subsidiary through its AHAS Parent, which said asset purchase was approved by all of the shareholders of AHAS Parent and AHAS Subsidiary, who were Plaintiff and the Defendant Shareholders.

20. As part of that third-party asset purchase, and as inducement for Plaintiff, as a shareholder to agree to that sale transaction, and as consideration for Plaintiff to enter into the Termination Agreement, Defendants agreed to pay Plaintiff twenty-million, eight-hundred thousand dollars ($20,800,000.00)

21. Pursuant to paragraph 2 of the Termination Agreement, Defendants agreed that, at closing on the asset purchase transaction, Plaintiff would be paid a lump sum bonus of nine-million dollars ($9,000,000), which Plaintiff received.

23. As set forth in Section G of the Termination Agreement, AHAS Subsidiary agreed that the remaining eleven million, eight-hundred thousand dollars ($11,800,000.00) owed to Plaintiff following closing on the third-party asset purchase transaction, was either to be paid through creation of a new company, or by providing Plaintiff with a new ownership interest in Defendant, AHAS Subsidiary, such that the $11.8 million would be paid to Plaintiff in priority shareholder distributions paid before any distributions of any kind are paid to the Defendant Shareholders and other shareholders.

24. The Parties agree that the new company referenced in Section G of the Termination

Agreement cannot be created due to that new company's inability to meet its intended purpose under the Termination Agreement.

25. Plaintiff has fully performed all of his obligations to Defendants following closing on the third-party asset transaction, including, but not limited to, his obligations under the Termination Agreement.

26. However, Defendants have refused to comply with Section G of the Termination Agreement, which requires them to pay Plaintiff the remaining $11.3 million still owed to him through priority shareholder distributions of AHAS Subsidiary.

27. Defendants have also refused to grant Plaintiff a new ownership interest in AHAS Subsidiary or AHAS Parent, as required under the Termination Agreement.

28. The foregoing conduct of Defendants constitutes material breaches of the Termination Agreement.

29. Thus, as of this date, there is currently an amount due and owing by Defendants to Plaintiff of $11.3 million dollars.

30. Defendants' foregoing material breach of the Termination Agreement with Plaintiff has directly and proximately caused Plaintiff damages of $11.3 million dollars to date.

WHEREFORE, Plaintiff requests entry of judgment against Defendants, AHAS Parent, AHAS Subsidiary, and the Defendant Shareholders, both individually and in their respective capacity as officers and shareholders of AHAS Parent and AHAS Subsidiary, jointly and severally, for damages in excess of **$11,300,000.00**, plus any additional amounts due and owing under the Termination Agreement, together with punitive damages, attorney's fees, pre-judgment interest, costs and such other relief as this Court deems appropriate.

## COUNT II
## (QUANTUM MERUIT/UNJUST ENRICHMENT)

31. Plaintiff hereby incorporates by reference the preceding paragraphs 1-30.

32. Plaintiff only agreed to the third-party asset purchase transaction, and the Termination Agreement executed in conjunction therewith, based on agreement by the Parties that he would receive total monetary consideration of $20.8 million dollars.

33. Plaintiff reasonably relied on the representations and acknowledgement of the Defendants that he would be paid $20.8 million for agreeing to the third-party asset transaction and for entering into the Termination Agreement.

34. Defendants have accepted the benefits of the third-party asset transaction and the Termination Agreement with Plaintiff.

35. Defendants have been unjustly enriched by the receipt of the full asset purchase funds by wrongfully withholding the $11.3 million dollars still owed to Plaintiff, and will continue to be unjustly enriched by their receipt those funds, including, but not limited to, five-million dollars ($5,000,000.00) being held in an escrow account that will be paid to Defendants as part of that third-party asset transaction.

36. It would be against equity and good conscience to permit Defendants to retain the benefits of the third-party asset purchase funds owed to Plaintiff without just compensation to Plaintiff, even if, *arguendo*, there is no binding agreement between Plaintiff and Defendants.

37. If, *arguendo*, it is determined that there is no remedy at law for Plaintiff, it would be inequitable to allow Defendants to retain the third-party asset purchase funds that are due and owing to Plaintiff, including the $5 million in escrow, without requiring Defendants to pay Plaintiff the full $20.8 consideration that Defendants agreed to pay Plaintiff from that transaction.

WHEREFORE, Plaintiff requests entry of judgment against Defendants, AHAS Parent, AHAS Subsidiary, and the Defendant Shareholders, both individually and in their respective capacity

as officers and shareholders of AHAS Parent and AHAS Subsidiary, jointly and severally, for damages in excess of **$11,300,000.00**, plus any additional amounts due and owing under the Termination Agreement, together with punitive damages, attorney's fees, pre-judgment interest, costs and such other relief as this Court deems appropriate.

## COUNT III
### (PROMISSORY ESTOPPEL)

38. Plaintiff hereby incorporates by reference the preceding paragraphs 1-37.

39. In the alternative to recovery under breach of contract, Plaintiff is entitled to recovery under the doctrine of promissory estoppel.

40. At all times material hereto, Defendants promised Plaintiff that he would be paid $20.8 million dollars as part of the third-party asset purchase transaction.

41. Defendants made these promises to Plaintiff with the reasonable expectation of inducing action, and detrimental reliance, on the part of Plaintiff.

42. Plaintiff has fully complied with all of his closing and post-closing obligations relating to, or arising from the third-party asset purchase transaction.

43. There is now the amount **$11,300,000.00** due and owing from Defendants to Plaintiff in connection with the third-party asset purchase transaction and the Termination Agreement.

44. Defendants have materially breached its promises to pay Plaintiff the full $20.8 million consideration owed to him as part of the third-party asset purchase transaction.

45. The foregoing material breach has directly and proximately caused Plaintiff damages of approximately **$11,300,000.00**.

46. The Court can only avoid injustice by finding that Defendants' promises to Plaintiff are binding.

WHEREFORE, Plaintiff requests entry of judgment against Defendants, AHAS Parent, AHAS Subsidiary, and the Defendant Shareholders, both individually and in their respective capacity

as officers and shareholders of AHAS Parent and AHAS Subsidiary, jointly and severally, for damages in excess of $11,300,000.00, plus any additional amounts due and owing under the Termination Agreement, together with punitive damages, attorney's fees, pre-judgment interest, costs and such other relief as this Court deems appropriate.

## COUNT IV
### (INJUNCTIVE RELIEF-SPECIFIC PERFORMANCE)

47. Plaintiff hereby incorporates by reference the preceding paragraphs 1-46.

48. Given Defendants' breach of their agreements and promises to pay Plaintiff the full $20.8 million dollars owed to him as part of the third-party asset purchase transaction, Plaintiff, both individually, and as the President/Chief Executive Officer and a shareholder of Defendant, AHAS Parent, and as an officer and shareholder of Defendant, AHAS Subsidiary, reasonably believes that the Defendant Shareholders will wrongfully convert revenue, bank and escrow accounts, and assets of AHAS Parent and AHAS Subsidiary, including, but not limited to, funds from the third-party asset purchase transaction, including the $5 million of transaction funds being held in escrow, and remaining rebate contracts of AHAS Subsidiary, to their own control and use, and/or will dissipate such funds, in order to wrongfully deprive Plaintiff of the remaining $11.3 million dollars still owed to him as part of the third-party asset purchase transaction and the Termination Agreement.

49. Any such wrongful conversion and/or dissipation of the remaining assets, bank and escrow accounts, and revenue of AHAS Parent and/or AHAS Subsidiary prior to Plaintiff being fully paid the remaining $11.3 million dollars owed to him through priority shareholder distributions paid before any distributions of any kind are paid to the Defendant Shareholders and other shareholders will cause irreparable harm to Plaintiff, since his ability to ever collect the remaining $11.3 million dollars still owed to him will be significantly, if not completely, and permanently prejudiced.

50. Therefore, Plaintiff demands that Defendants be compelled to specifically perform pursuant to their agreements and promises to pay Plaintiff the remaining $11.3 million dollars still

owed to him through priority shareholder distributions paid before any distributions of any kind are paid to the Defendant Shareholders and other shareholders, and seeks injunctive relief preventing and enjoining Defendants, including, but not limited to, the Defendant Shareholders, from converting any of the remaining assets, bank and escrow accounts, and revenue of AHAS Parent and/or AHAS Subsidiary until such time as Plaintiff is fully paid the remaining $11.3 million dollars still owed to him by Defendants through either a lump sum and/or through priority distributions from any and all profits from AHAS Parent and/or AHAS Subsidiary paid to Plaintiff before any distributions of any kind are paid to the Defendant Shareholders and other shareholders.

WHEREFORE, with cause having been shown, Plaintiff demands judgment against the Defendants, jointly and severally, for the following relief: (1) specific performance; (2) injunctive relief; (3) compensatory damages; (4) exemplary damages; (5) consequential damages; (6) punitive damages; (7) treble damages; (8) attorney's fees and costs; and (9) such other relief the court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues and allegations in this action.

Dated: October 23, 2018

/s/ Matthew A. Peluso, Esq.
Matthew A. Peluso, Esq. (MP4106)
A Limited Liability Company
103 Carnegie Center
Suite 300
Princeton, NJ 08540
(609)306-2595 (Tel.)
(609) 520-8731 (Fax)
E-Mail: mpelusoesq@live.com

*Counsel for Plaintiff, Lance Aizen*